UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLEE A. BROWN,<br>    Plaintiff | :<br>:<br>: |
| vs. | : CIVIL NO. 1:11-CV-2088<br>:<br>: |
| STROEHMANN BAKERIES LC and<br>GEORGE WESTON BAKERIES, INC<br>(n/k/a) BIMBO FOODS BAKERIES,<br>INC.,<br>    Defendants | :<br>:<br>:<br>:<br>:<br>: |

*M E M O R A N D U M*

*I.       Introduction*

We are considering a motion for summary judgment filed by Defendant Bimbo Foods Bakeries, Inc. on July 24, 2014.¹  (Doc. 13).  This matter relates to the 2008 termination of Plaintiff's employment from Stroehmann Bakeries, now known as Bimbo Foods Bakeries, Inc.  Plaintiff filed a pro se complaint alleging that her termination was the product of discrimination on the basis of race and sex.  (Doc. 1).  Additionally, Plaintiff alleged that her termination was retaliation for making previous complaints of

---

1. The parties identified in the caption of the Complaint are not the correct defendants in this lawsuit.  Rather, Plaintiff was employed by Bimbo Bakeries USA, Inc. (as successor to Stroehmann Bakeries LC and George Weston Bakeries), which is the correct defendant in this lawsuit.  See (Doc. 14 at 1 n.1).

discrimination. (Id.). For the reasons below, we will grant Defendant's motion for summary judgment.

*II.        Background*[2]

Plaintiff is an African-American female. (Doc. 1 at 2; Doc. 9 at 3). In June, 2005, she began working for Stroehmann Bakeries in Harrisburg, Pennsylvania as a Baker's Helper. (Id.). On August 13, 2008, Plaintiff and a co-worker, Mick Mumma, entered a dark copier room during the course of their work shift. (Doc. 15 at 2). Plaintiff and Mumma remained in the copier room for approximately twenty-seven minutes and engaged in "inappropriate activity." (Id.). Plant Management and Human Resources became aware of the incident and suspended Plaintiff and Mumma pending an investigation. (Id. at 2-3). Thereafter, both Plaintiff and Mumma, a Caucasian male, were terminated for engaging inappropriate activity on work time and work premises. (Id. at 3).

In April, 2011, after exhausting her administrative remedies, Plaintiff filed a complaint alleging that Defendant discriminated and retaliated against her in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Pennsylvania Human Relations Act. (Doc. 1). On October 7, 2013, Defendant served Plaintiff with a Request for Admissions, and Plaintiff failed to respond. (Doc. 14-2). Defendant filed a motion for

---

2. While Plaintiff denies several of Defendant's factual contentions (Doc. 16), she fails to identify record evidence to contradict Defendant's statement of facts. Accordingly, these facts will be deemed admitted. See Local Rule 56.1; Fed. R. Civ. P. 56.

2

summary judgment arguing that all facts in the Request for Admission are deemed admitted and it is entitled to judgment as a matter of law.  (Doc. 13; Doc. 14).

*III.        Discussion*

   *A.  Standard of Review*

We will examine the motion for summary judgment under the well-established standard.  Lawrence v. City of Phila., 527 F.3d 299, 310 (3d Cir. 2008) ("Summary judgment is only appropriate if there are no genuine issues of material fact.").  We "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and we will only grant the motion "if no reasonable juror could find for the non-movant."  Id.  "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'"  Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011) (citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011)).  Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

   *B.  No Genuine Issue of Material Fact*

Because Plaintiff failed to respond to Defendant's Requests for Admissions (Doc. 14-2), we will accept all averments therein as true.  See Fed. R. Civ. P. 36(a)(3).  "[U]nanswered requests for admissions properly serve as an uncontroverted factual base

for summary judgment purposes." Mahaney v. Doering, 260 F. Supp. 1006, 1007 (E.D. Pa. 1966); see also Mina v. Hotel on the Cay Timesharing Ass'n, 410 F. App'x 450, 452 (3d Cir. 2010).  Consequently, there are no genuine issues of material fact.

### C. Discrimination Claims[3]

To establish a prima facie claim under Title VII, a complainant must show the following elements: (1) she belongs to a protected class; (2) she was qualified for the employment position; (3) she suffered adverse employment action; and (4) the adverse employment action occurred "under circumstances that give rise to an inference of unlawful discrimination." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 793 (1973).  Here, Plaintiff has failed to establish that her termination occurred under circumstances that give an inference of discrimination.  In Defendant's Request for Admissions, Plaintiff was asked to admit that she was treated no differently than Mick Mumma, her Caucasian male co-worker.  (Doc. 14-2 at 6-7).  Further, she was asked to admit that she was not discriminated against on the basis of race, sex, or age by any of her supervisors.  (Id.). Because Plaintiff failed to respond to these Requests for Admissions, and they are

---

3. "The Third Circuit has stated that, in the employment context, the 'substantive elements' of a discrimination claim under § 1981 are 'generally identical' to those of a discrimination claim under Title VII." Howard v. Blalock Elec. Serv., Inc., 742 F. Supp. 2d 681, 689 (W.D. Pa. 2010). Similarly, the court of appeals has held that Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts." Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996). Accordingly, the following analysis of Plaintiff's Title VII claim applies equally to her § 1981 and PHRA claims.

deemed admitted, she has failed to establish an essential element of her discrimination claims. Defendant, therefore, is entitled to summary judgment.

### D. Retaliation Claim

To establish a retaliation claim under Title VII, a complainant must establish the following elements: (1) she engaged in protected activity; (2) the employer took adverse employment action after or contemporaneous with the protected activity; and (3) a causal link existed between the protected activity and the adverse action. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000). Here, Plaintiff has failed to establish that she engaged in protected activity. "With respect to protected activity, the anti-retaliation provision of Title VII protects those who participate in certain Title VII proceedings and those who oppose discrimination made unlawful by Title VII." Moore v. City of Phila., 461 F.3d 331, 341 (3d Cir. 2006); see also 42 U.S.C. § 2000e-3(a). In Defendant's Request for Admission, Plaintiff was asked to admit that she never made a complaint of discrimination (protected participation). (Doc. 14-2 at 5-6). Because this Request for Admission is deemed admitted, Plaintiff has failed to establish an essential element of her retaliation claim. Therefore, Defendant is entitled to summary judgment.

### IV. Conclusion

For the foregoing reasons, we find that Defendant is entitled to summary judgment. We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

5